IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN T. SINGER,

                Plaintiff,

   v.                                                ORDER

DR. SCHETTLE and                       18-cv-503-jdp
JOHN DOE WCI DENTAL ASSISTANT,

                Defendants.

---

Pro se plaintiff Kevin T. Singer is an inmate at Wisconsin Resource Center (WRC). He alleges that the dentist and dental assistant at Waupun Correctional Institution (WCI) failed to prevent him from engaging in self-harm after he threatened and ultimately attempted to pull out his own tooth.

Defendants have filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin. Dkt. 13. I gave Singer until December 17, 2018, to respond to defendants' motion. More than two weeks have passed since that deadline, and Singer has not filed a response. So I will resolve defendants' motion on the record before me.

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The defendant bears the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. Here, Defendant contends that transfer to the Eastern District, where WCI and WRC are located, is clearly more convenient for the parties and witnesses because the events at issue occurred there, both parties reside there, and most potential witnesses—WCI employees—likely reside there. These factors weigh heavily in favor of transfer. Defendant stops short of saying that venue is *improper* in the Western District, although it appears that it might be because defendant resides in the Eastern District and the events at issue occurred there. *See* 28 U.S.C. § 1391(b).

The second part of the analysis is the interest-of-justice inquiry, which "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

Defendants filed their motion to transfer on the same day as their answer. There has not yet been a scheduling conference and there are no pending motions, so transferring the case will not disrupt the proceedings. Defendant submits statistics showing that the Eastern District and Western District share similar caseloads and that one district is not clearly faster than the other. Defendants do not argue the remaining factors, but I have no doubt that both

courts are familiar with the relevant law. The interests-of-justice factor does not weigh for or against transfer.

Because I conclude that the Eastern District is a clearly more convenient forum, I will grant defendant's motion to transfer under § 1404(a).

ORDER

IT IS ORDERED that defendants' motion for change of venue, Dkt. 13, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Entered January 2, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge